# DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL

JOHN JACOB RIECK, JR.
JOHN F. KALEY
MICHAEL MINNEFOR

*Denied.*
*/s/ Denise Cote*
*2/28/23*

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

February 27, 2023

**By ECF Filing**
Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Muftau Adamu*
Docket No. 18 Cr. 201 (DLC)

Dear Judge Cote:

I was appointed to represent Muftau Adamu in the above-referenced matter. My representation ended upon the conclusion of the case. Mr. Adamu, completed the custodial portion of his sentence and is on supervised release. He has asked me to file a request for permission to travel to his family home in Accra, Ghana, to visit with and to be with his father, who is recovering from surgery for removal of a neoplastic growth in the colon. Please accept the within as such a request. I have communicated regarding this request with Probation Officer Sandra Velez Garcia who has been supervising Mr. Adamu. Ms. Velez Garcia has advised me that Mr. Adamu has been in compliance with the terms of his supervision, has been making the required monthly restitution payments and that Probation has no objection to a request for a 30-day visit with his father in Accra, Ghana. Probation is of the view that a 60-day visit, which Mr. Adamu would like, is too long for Mr. Adamu to be outside of supervision. I also have advised AUSA Sagar Ravi of my intention to make this request and he has advised me that the Government defers to Probation's position. Your Honor approved a similar trip last year. (ECF # 229). Mr. Adamu went on that trip and returned without incident.

## I. BACKGROUND

Mr. Adamu was arrested on June 22, 2018, on a Complaint, charging him, *inter alia*, with participating in a conspiracy to defraud certain people during the period of time between 2014

and 2018. At his presentment in Federal Court, Mr. Adamu was released on bail (electronic monitoring with a curfew and a $100,000 unsecured bond co-signed by three financially responsible individuals); he was in full compliance with the conditions of his bail throughout the period of his pretrial release from the date of his arrest until he was remanded to custody upon the completion of his sentencing proceeding.

On February 12, 2019, Mr. Adamu, pursuant to a plea agreement, pleaded guilty to Count One of the superseding Indictment which charged Mr. Adamu and others with conspiracy to commit wire fraud in violation of 18 U.S.C. 1343. The parties' plea agreement provided that Mr. Adamu, who had no prior criminal record of any kind, under the advisory sentencing guidelines had an offense level of 24 in Criminal History Category I and an advisory sentencing range of 51- 63 months incarceration. The Court sentenced Mr. Adamu, *inter alia*, to a period of 51 months incarceration (to be followed by a period of 3 years of supervised release), at the low end of the Guidelines range, but remanded him at that time to commence service of his sentence, we think because a co-defendant had fled the jurisdiction subsequent to being sentenced and before he was to surrender to the institution to be designated by the BOP.

For his part, Mr. Adamu had an excellent record in prison. He earned the opportunity to and did participate in the institution's CADRE Program, which provided him with additional liberties and opportunities. He appreciated that opportunity and took advantage of it to better himself and to prepare for life after prison. He was released from imprisonment on April 15, 2022 and commenced his term of supervised release. He has done well. He is working full-time checking air quality in NYC for a company, resides with his mother and is re-establishing a relationship with his wife and two children. Mr. Adamu and his wife are co-parenting. He sees his children most weekends. He is doing what needs to be done to make a lawful life for himself and his family.

## II. THE WITHIN REQUEST

Mr. Adamu seeks permission to travel to Accra, Ghana and the release of his passport to enable him to do so. I have attached hereto as Exhibit "1," a copy of a letter which Mr. Adamu has received form his father's doctor. The letter describes the condition of Mr. Adamu's father and suggests that a visit from his son would be helpful to his father's recovery from the cancer surgery. Additionally, of course, Mr. Adamu would like to see his father. Mr. Adamu would like to travel to Accra for a 60-day visit. As noted, Probation has no objection to a 30-day visit but has reservations about a 60-day visit, and leaves that to the Court's discretion.

As noted above, Mr. Adamu has been compliant with the terms of his supervision, Probation has no objection to a 30-day request and the Government defers to Probation. Mr. Adamu will advise Probation of his exact travel details once arrangements are made if the Court grants him permission to travel to Accra, Ghana.

Thank you for the Court's consideration of this request.

Respectfully submitted,

John F. Kaley